```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                          Plaintiff,

            v.                                                  MEMORANDUM AND ORDER

JAHMANNI UGBOMAH,                                               22-CR-367 (RPK)

                          Defendant.
-----------------------------------------------------------x
```

RACHEL P. KOVNER, United States District Judge:

Defendant Jahmanni Ugbomah moves to dismiss the indictment for alleged violations of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* For the reasons that follow, the motion is granted in part, and Counts Two and Four of the indictment are dismissed without prejudice.

## BACKGROUND

Ugbomah was arraigned on May 19, 2022 on a two-count complaint alleging robbery in violation of the Hobbs Act, 18 U.S.C. §§ 1951(a) and 2. *See* 5/19/2022 Minute Entry; Compl. 1–2 (Dkt. #1). Count One alleges that on April 15, 2022, Ugbomah robbed a store in Brooklyn of CBD liquids and about $1,000. Compl. 1. Count Two alleges that on the same day, Ugbomah robbed a different store of about $800 and a scale. *Id.* at 1–2. The complaint alleges that during the first robbery, an accomplice carrying a firearm shot at, but missed, a store clerk. *Id.* at ¶ 3. The complaint further alleges that during the second charged robbery, Ugbomah brandished a firearm. *Id.* at ¶ 8.

Ugbomah waived a preliminary hearing and was ordered detained. *See* 5/19/2022 Minute Entry; Order of Detention (Dkt. #7). ████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████

1

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████ But neither party asked the Court at that time to enter an order excluding time from the 30-day period in which an indictment or information must be filed, and the Court did not enter such an order *sua sponte*.

████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██

On June 3, 2022, a prosecutor filed a document requesting that the period from June 2, 2022 to July 4, 2022 be excluded from Speedy Trial Act calculations for the purpose of plea discussions. Mot. for Ext. of Time to Indict (Dkt. #10). But the magistrate judge did not act on that request, and the docket does not reflect follow-up by either party.

The government eventually obtained an indictment of Ugbomah on August 11, 2022—more than two months after defense counsel had suggested doing so, and 84 days after Ugbomah's arraignment. *See* Indictment (Dkt. #11). The indictment contains five counts. Count One charges Ugbomah with conspiring to rob tobacco shops in violation of the Hobbs Act, under 18 U.S.C. §§ 1951(a), 2, and 3551 *et seq*. Counts Two and Four charge the substantive Hobbs Act violations also set forth in the complaint. Counts Three and Five charge Ugbomah with using and carrying

a firearm during the Hobbs Act robberies alleged in Counts Two and Four, respectively, in violation of 18 U.S.C. § 924(c). *See* Indictment ¶¶ 1–5.

Ugbomah was arraigned on the indictment on October 26, 2022. *See* 10/26/2022 Minute Entry. He pleaded not guilty. *Ibid.* The Court excluded the period from October 26, 2022 until November 26, 2022 from the time under the Speedy Trial Act for trial to commence, on the consent of the parties, finding that the ends of justice were served by the exclusion of time because of the parties' ongoing plea discussions. Order to Continue (Dkt. #14).

On November 22, 2022, defense counsel stated that Ugbomah intended to move to dismiss the indictment on speedy trial grounds. *See* 11/22/2022 Minute Entry. Defense counsel filed the accompanying motion papers on November 28, 2022. *See* Mot. to Dismiss (Dkt. #15). In his motion, Ugbomah argues that the government violated the Speedy Trial Act because more than 30 days elapsed between his arrest and indictment, without the entry of any order of excludible delay. *Id.* at 2. Separately, Ugbomah argues that the Speedy Trial Act was violated because he was not brought to trial within 70 days of his indictment. *Id.* at 2–4.

## DISCUSSION

Ugbomah's motion to dismiss the indictment is granted in part, and Counts Two and Four of the indictment are dismissed without prejudice.

### I. The Hobbs Act Robbery Charges Against Ugbomah Are Dismissed Without Prejudice Because of Pre-Indictment Delay

#### A. The Government Violated the Speedy Trial Act

The government violated the Speedy Trial Act when it failed to charge Ugbomah by indictment or information within 30 days of his arrest. Under the Speedy Trial Act, an "indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such

3

charges." 18 U.S.C. § 3161(b). Many more than 30 days passed between Ugbomah's being arrested and his being charged by indictment or information, because Ugbomah was indicted 84 days after his arraignment. *See* 5/19/2022 Minute Entry; Indictment 1 (dated August 11, 2022).

The Speedy Trial Act allows certain periods to be excluded from calculations, *see* 18 U.S.C. § 3161(h), but no exclusion covers the delay here. One commonly-invoked exclusion is for "delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). But while the government asked a magistrate judge to grant a 30-day continuance of this type on June 3, 2022, *see* Mot. for Ext. of Time to Indict, no judge granted the request, and the government never followed up. Accordingly, no time was excluded under Section 3161(h)(7)(A). And the government has not suggested that any other provision of Section 3161(h) applies.

Contrary to the government's arguments, Ugbomah has not waived a speedy trial challenge. In general, waiver is not a basis for excluding time under the Speedy Trial Act. *Zedner v. United States*, 547 U.S. 489, 500 (2006). But in a case on which the government relies, *United States v. Gambino*, 59 F.3d 353 (2d Cir. 1995), the Second Circuit recognized an exception with "tight restrictions," "when defendant's conduct causes or contributes to a period of delay." *Id.* at 360. It described this principle as designed to prevent defendants from "'sand-bag[ging]' the court and government" by "actively participat[ing] in a continuance" and then "counting that time in a speedy trial motion," *ibid.* (quoting *United States v. Kucik*, 909 F.2d 206, 211 (7th Cir. 1990)), or "'lulling the court and prosecution into a false sense of security only to turn around later and use

4

the waiver-induced leisurely pace of the case as grounds for dismissal," *ibid.* (quoting *United States v. Pringle*, 751 F.2d 419, 434–35 (1st Cir. 1984)). The Second Circuit suggested that waiver might occur if defense counsel asked the court to delay trial while representing that "our case doesn't involve any speedy trial problems"—if the request occurred before the challenged delay. *Id.* at 361 (citation omitted). In contrast, the Court of Appeals concluded, requests for a delay that were made only "to the prosecutor, not to the court," could not support a finding of waiver, because they did not involve "lulling *the court* and prosecution into a false sense of security." *Id.* at 361–62 (emphasis in *Gambino*) (quoting *Pringle*, 751 F.3d at 434–35).

In *Zedner*, the Supreme Court narrowed this waiver exception. The Second Circuit had found in that case that the Speedy Trial Act had not been violated as a result of a defendant's written, prospective waiver of Speedy Trial Act rights. 547 U.S. at 496. The Court of Appeals invoked the *Gambino* "exception for situations 'when defendant's conduct causes or contributes to a period of delay.'" *Id.* at 496–97 (citation omitted). The Supreme Court reversed. It explained that Speedy Trial Act claims are generally not waivable, and it suggested the existence of only a narrow exception, under the doctrine of "judicial estoppel." *Id.* at 503. The Court stated that judicial estoppel required that "a party's later position must be clearly inconsistent with its earlier position." *Id.* at 504 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)). When that condition is satisfied, the Court wrote, courts determining whether to apply judicial estoppel "regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position," and "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Ibid.* (quoting *New Hampshire*, 532 U.S. at 750–51). Applying that framework, the Court found no enforceable waiver of rights under the Speedy Trial Act. While the defendant had mistakenly

5

agreed that his prospective waiver of Speedy Trial Act rights was valid, he had not "succee[ded] in persuading" the district court of that position, because "it was the District Court that requested the waiver and produced the form for petitioner to sign." *Id.* at 505. And even if "the other relevant factors (clear inconsistency and unfair advantage or detriment) might in isolation support the Government," judicial estoppel was unavailable because those factors "d[id] not predominate where . . . the Government itself accepted the District Court's interpretation" allowing prospective waivers "without objection." *Ibid.* While the Second Circuit has not directly addressed the impact of *Zedner* on *Gambino*'s waiver analysis, the Fourth Circuit concluded that its own *Gambino*-like "estoppel formulation" was "no longer binding" because it was "inconsistent with the estoppel test applied by the Supreme Court in *Zedner*." *United States v. Velasquez*, 52 F.4th 133, 140 (4th Cir. 2022) (abrogating *United States v. Keith*, 42 F.3d 234 (4th Cir. 1994)).

Here, judicial estoppel does not excuse the government's pretrial delay, because Ugbomah has never taken a position inconsistent with his argument that the government's pre-indictment delay violated his Speedy Trial Act rights. Of course, Ugbomah suggested through counsel at arraignment that he wanted the government to refrain from immediately indicting him, and he joined in a request for a 32-day exclusion of Speedy Trial Act time for plea negotiations. But the magistrate judge never granted that request. Ugbomah's willingness to have a judge exclude 32 days of Speedy Trial Act time is not contrary to his position that, when the Court failed to do so, the clock continued to run. Moreover, for a further 38 days after that 32-day period elapsed, the government neither indicted Ugbomah nor made a new request for an exclusion of time. Ugbomah has taken no position inconsistent with his argument that the Speedy Trial Act clock continued to run during this period.

Indeed, the government has not established waiver even under the pre-*Zedner* standards in *Gambino*. While *Gambino* suggested that waiver could occur if a defendant "sand-bag[ged] the court and government" by "actively participat[ing] in a continuance" to which he later objected, or by "lulling the court and government into a false sense of security," 59 F.3d at 360, the Court of Appeals explained that only representations made to the court—as opposed to representations made only to prosecutors—could support a waiver, *id.* at 361–62. Here, the only arguable representation Ugbomah made to the Court regarding delay was the request—made by the government but joined by defense counsel—for a 32-day Speedy Trial Act exclusion to allow plea discussions. But even if the relevant 32 days were excluded from Speedy Trial Act calculations, Ugbomah made no further request or representation to the Court that could justify the exclusion of the next 38 days before indictment. Accordingly, even under *Gambino*, the government's delay in indicting Ugbomah violated the Speedy Trial Act.

### B. Dismissal Without Prejudice Is an Appropriate Remedy

Because of the government's pre-indictment delay, Counts Two and Four of the indictment are dismissed without prejudice. The remedy for a violation of the Speedy Trial Act's time limits is dismissal of the indictment. *See* 18 U.S.C. § 3162(a); *Zedner*, 547 U.S. at 507. But "[t]he determination of whether to dismiss an indictment with or without prejudice is committed to the discretion of the district court." *United States v. Wilson*, 11 F.3d 346, 352 (2d Cir. 1993). "In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(1); *see United States v. Tunnessen*, 763 F.2d 74, 79 (2d Cir. 1985). "In addition to these statutory factors, the Supreme

7

Court has indicated that prejudice to the defendant should also be considered." *Wilson*, 11 F.3d at 352 (citing *United States v. Taylor*, 487 U.S. 326, 334 (1988)).

Taken together, these factors favor dismissal without prejudice. First, Hobbs Act robbery is undoubtedly a serious offense, and "where the crime charged is serious, the sanction of dismissal with prejudice should ordinarily be imposed only for serious delay." *United States v. Bert*, 814 F.3d 70, 79 (2d Cir. 2016). Second, as to the facts and circumstances leading to the violation, there is no indication that the Government acted in bad faith or as part of a "pattern of neglect." *Id.* at 80 (noting that "[t]he Supreme Court has . . . instructed that courts should only preclude reprosecution of a serious crime upon a showing of 'something more than an isolated unwitting violation,' such as a finding of 'bad faith' or a 'pattern of neglect'") (quoting *Taylor*, 487 U.S. at 339). Thirty-two days of delay appears to have resulted principally from the Court's failure to act on a request for an exclusion of time, and the remaining 52 days appear to have resulted from inattention or neglect on the part of prosecutors in arranging to present the case to the grand jury. No evidence suggests the delay in this case was part of a broader pattern.

Moreover, the length of the delay does not support the dismissal of a serious charge in a case with no bad-faith or willful conduct. Although a delay of 84 days is not trivial, it also does not approach the lengthy delays that commonly yield dismissal with prejudice. *See, e.g.*, *United States v. Stayton*, 791 F.2d 17, 21 (2d Cir. 1986) (noting "the sheer length" of the 23-month delay in that case); *United States v. Mancuso*, 302 F. Supp. 2d 23, 27 (E.D.N.Y. 2004) ("[T]hirty-six months of nonexcludable delay weighs significantly in favor of a dismissal with prejudice."). Courts in this circuit have concluded delays comparable to the one in this case did not warrant dismissal with prejudice of a serious charge, when there was no evidence that the government acted in bad faith. *See, e.g.*, *United States v. Rivera*, No. 3:09-CR-100 (CFD), 2009 WL 1942548,

at *2 (D. Conn. July 1, 2009) (eighty-six days); *United States v. Mora*, No. 04-CR-530 (LAP), 2005 WL 1354042, at *4–5 (S.D.N.Y. June 7, 2005) (ninety-two days).

Ugbomah has not suffered prejudice that would warrant dismissal of the serious charges against him without leave to refile due to the delay in obtaining an indictment. Two types of prejudice are relevant: "(1) trial prejudice, i.e., prejudice in the defendant's ability to mount a defense at trial; and (2) non-trial prejudice," which results from delay that "may seriously interfere with the defendant's liberty . . . and may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends." *Bert*, 814 F.3d at 82 (quoting *Taylor*, 487 U.S. at 340–41). Ugbomah does not contend that the delay caused him any trial prejudice. *See* Mot. to Dismiss 5–6. As to non-trial prejudice, Ugbomah notes that he was held in custody during the period in which the government delayed in obtaining an indictment. But the record does not suggest that Ugbomah would have been out of custody during this period but for the government's delay. *See United States v. Teman*, No. 19-CR-696 (PAE), 2019 WL 7041646, at *10 (S.D.N.Y. Dec. 20, 2019) (declining to find prejudice from restrictions on defendant's liberty during period of pre-indictment delay when defendant "presumably would have been subjected to the same or similar restrictions following indictment"). And as noted above, the length of the delay, which is relevant to prejudice, is not comparable to those that have commonly occasioned dismissal without leave to refile. While Ugbomah also points to the fact that he was stabbed while in federal custody on an unspecified date, Mot. to Dismiss 5–6, the record does not suggest that the government's failure to present this case to the grand jury for several months was a proximate cause of that injury caused by an intentional tort of a third party—a classic superseding cause. *See* Restatement of Torts (Second) § 448 (1965).

Accordingly, the Hobbs Act robbery charges in the indictment are dismissed without prejudice. Because the robbery conspiracy and firearms charges in the indictment were not previously alleged in the complaint, those charges are not dismissed. *See United States v. Napolitano*, 761 F.2d 135, 137 (2d Cir. 1985).

## II. Ugbomah's Motion to Dismiss Is Otherwise Denied

Ugbomah's motion to dismiss the indictment based on delay in bringing him to trial is denied. "The Speedy Trial Act requires that a criminal defendant be brought to trial within seventy days of his indictment." *United States v. Nixon*, 779 F.2d 126, 129 (2d Cir. 1985) (citing 18 U.S.C. § 3161(c)(1)). The Second Circuit has held that this period begins when the defendant is arraigned on the indictment, not when the indictment is filed. *Id.* at 130; *see United States v. Lynch*, 726 F.3d 346, 352 (2d Cir. 2013). Ugbomah was arraigned on the indictment on October 26, 2022 and the time that has elapsed since then has been properly excluded from Speedy Trial Act calculations, *see* Order to Continue; 11/22/2022 Minute Entry and Order. Accordingly, 70 days of Speedy Trial Act time have not elapsed since Ugbomah's indictment.

Ugbomah's argument to the contrary rests entirely on his contention that, if a defendant has already been arrested, the 70 days within which he must be brought to trial should start with the filing of the indictment—not the arraignment. Mot. To Dismiss 3. But as Ugbomah acknowledges, this position is foreclosed by Second Circuit precedent. *See* Reply Mem. in Supp. of Mot. to Dismiss 3–4 (Dkt. #18) (citing *Nixon*, 779 F.2d at 130). Accordingly, Ugbomah's motion to dismiss on this ground is denied.

## CONCLUSION

Ugbomah's motion to dismiss is granted in part and denied in part. Counts Two and Four of the indictment are dismissed without prejudice. The motion is denied with respect to the remaining counts.

SO ORDERED.

          /s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated:      January 13, 2023
               Brooklyn, New York